## * * § 362 INFORMATION COVER SHEET * *

DEBTOR: Shamrock Asset Holdings, LLC
Case No: 12-52008
MOTION #: 
MOVANT: City of Tulsa, Oklahoma
CHAPTER: 11

### Certification of Attempt to Resolve the Matter Without Court Action:
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
Date: 9/7/12        Signature: /s/Louis M. Bubala III
*Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 115 E. 5th St., Tulsa, OK aka Tulsa Club Bldg.
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ____ ; Trustee ____ ;
DATE OF SERVICE: 9/7/12

**MOVING PARTY'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:

1st @$47,334.11, 8/28/12, City of Tulsa
2nd $47,696.99 + int. since 7/10/12, Wiggins
3rd @$415,710.94, 8/28/12, City of Tulsa
4th $31,678.48 + int. since 7/10/12, CPOA
Other: Based on Edmiston Decl Exs 5-6
Total Encumbrances: @$542,420.52

APPRAISAL of OPINION as to VALUE:
$450k by sheriff, $512k by assessor, Edmiston Decl. ¶¶15, 20 & Exs. 7, 10

**DEBTOR'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:

1st ____
2nd ____
3rd ____
4th ____
Other: ____
Total Encumbrances: ____

APPRAISAL of OPINION as to VALUE:

**TERMS of MOVANT'S CONTRACT with the DEBTOR(S):**

Amount of Note: N/A
Interest Rate: 5.25 1st lien; OK law, 3d lien
Duration: ____
Payment per Month: ____
Date of Default: ____
Amount in Arrears: ____
Date of Notice of Default: ____
SPECIAL CIRCUMSTANCES:
Based on statutory liens and judgments

SUBMITTED BY: /s/ Louis M. Bubala III
Louis M. Bubala III, Esq.

**DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT**.
.
.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: ____
SIGNATURE: ____

LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: lbubala@armstrongteasdale.com

Attorneys for City of Tulsa, Oklahoma

ELECTRONICALLY FILED ON
September 7, 2012

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SHAMROCK ASSET HOLDINGS, LLC,<br><br>    Debtor. | Case No.: BK-N-12-52008-BTB<br><br>Chapter: 11<br><br>**MOTION OF CITY OF TULSA FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: 10/10/12<br>Hearing Time: 10:00 a.m. |

The City of Tulsa, Oklahoma ("City") moves for relief from the automatic stay to exercise its rights under state law as to the real property in Debtor's possession at S75 LT 3, BLK 137 TULSA-ORIGINAL TOWN in Tulsa County, Oklahoma, commonly known as 115 East Fifth Street in Tulsa, Oklahoma, and commonly referred to as the Tulsa Club Building. This motion is supported by the declaration of Robert R. Edmiston, a senior assistant city attorney, who details the procedural history of the City's actions regarding this property. It also is supported by the declaration of Kevin Cox, a field supervisor for neighborhood investigations with the City's Working in Neighborhoods (WIN) Department, who substantiates the poor condition of the property.

The Tulsa Club Building has been vacant since before 1997, and it has been owned since that time by Carl J. "C.J." Morony. Edmiston Decl., ¶2. The City declared it a public nuisance in 2007 due to numerous code violations, and it has suffered several fires in recent years. *Id.*, ¶¶5-6 & Ex. 1; Cox Decl., ¶3 & Ex. 1. Mr. Morony failed to abate the code violations or pay property assessments, resulting in judgments against him and liens against the property. Edmiston Decl., ¶¶7-13 & Exs. 2, 3 & 5; Cox Decl., ¶5. Nothing ever came of Mr. Morony's attempts to develop or sell the property.

Edmiston Decl., ¶13. Due to the ongoing hazards with the building and its detrimental effect on the community, the City exercised its rights to foreclose on the property with a sheriff's sale scheduled for August 28, 2012. *Id.*, ¶¶13-15 & Exs. 6-7.

The sale was stayed due to Mr. Morony's maneuvers in the days before the sale. *Id.*, ¶¶16-19 & Exs. 8-9. Although he has no readily identifiable connection with Nevada, Mr. Morony filed papers to create Shamrock Asset Holdings, LLC, a Nevada limited liability company, on August 24, 2012. *Id.*, ¶19 & Ex. 9. On the same day, he executed a general warranty deed to transfer the property from himself to Shamrock Asset Holdings, LLC. *Id.*, ¶16 & Ex. 8. The deed was recorded with Tulsa County three days later. *Id.* Finally, Mr. Morony, as manager of Shamrock Asset Holdings, LLC, filed a Chapter 11 petition for the LLC in this court on August 27, 2012 (Ct. Dkt. #1), the day before the scheduled sale. The bankruptcy filing and its automatic stay prevented the sheriff from conducted the scheduled sale.

The City moves for relief from the automatic stay on the following grounds:

1. <u>For Cause, 11 U.S.C. § 362(d)(1).</u>

Mr. Morony created a new business entity, transferred the property to the business entity and filed a bankruptcy petition half way across the country on the eve of foreclosure. Mr. Morony transferred the property and filed the petition in bad faith in an attempt to avoid the foreclosure sale. These efforts constitute cause for relief from the automatic stay. 3 *Collier on Bankruptcy* ¶ 362.07[3][a] & n.14 (16th ed. 2011), *citing In re Laguna Assocs. L.P.*, 30 F.3d 734 (6th Cir. 1994), and *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989).

Cause also exists because of a lack of adequate protection. Mr. Morony failed to make assessment payments owed on the Tulsa Club Building dating back to at least 2000. He has made no effort to abate the code violations on the property or pay the penalties arising from them, resulting in a judgment of more than $463,045.05 as of August 28, 2012, against him and secured by the Tulsa Club Building. Edmiston Decl., ¶18. Moreover, the property has been vacant since before 1997 and cannot be occupied because of the code violations and subsequent fires on the property. Cox Decl., ¶5. Finally, the debts secured against the property approximate $550,000, between the City's claims and the secured judgments held by two third parties. Edmiston Decl., ¶18. This secured debt

1  exceeds the appraised value of $450,000 utilized by the Tulsa County Sheriff's Office and the fair
2  market value of $511,900 used by the Tulsa County Assessor's Office. *Id.*, ¶¶15, 20 & Exs. 7, 10.

   2. <u>No Equity and Not Necessary for Effective Reorganization, 11 U.S.C. § 362(d)(2).</u>

There is no equity in the property, as discussed above. Additionally, there is no effective reorganization in this case. The City believes the property was transferred by Mr. Morony to Debtor in a sham transaction. Debtor never had any business since it was created in the days before the scheduled foreclosure sale, so there is no business to reorganize.

   3. <u>For Stay of Creditor's Rights by Transfer without Consent, 11 U.S.C. § 362(d)(4)(A).</u>

This provision was added in 2005. It states:

> The court shall grant relief from the stay … with respect of an act against real property … by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved … transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval.

This provision applies to this case. The City was in the process of conducting a foreclosure sale against the Tulsa Club Building. The City is secured by liens from Mr. Morony's failure to pay assessments owed for the property and judgments recorded against the property. Edmiston Decl., ¶¶8-9 & Exs. 3-4. Given Mr. Morony's history of failure to comply with the code requirements, refusal to abate code violations, failure to pay any of the judgments, and repeated failed efforts to develop or sell the property, his transfer of the property to Debtor on the eve of foreclosure is part of his scheme to delay, hinder or defraud creditors. To be clear, the City did not consent to the transfer of the property. Edmiston Decl., ¶16. *See In re Dorsey*, ___ B.R. ___, Case No. 2:12-BK-18895-RK, 2012 WL 3060646, *7 (Bankr. C.D. Cal. July 26, 2012) (holding relief only requires showing of absence of secured party's consent), *disagreeing with In re Duncan & Forbes Dev. Inc.*, 368 B.R. 27, 37 (Bankr. C.D. Cal. 2006) (holding that relief requires showing secured party's rights to exercise consent to transfer).

///

///

///

WHEREFORE, the City requests that the Court enter an order granting its Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2), and/or 362(d)(4), and for such other and further relief as the Court deems just and proper.

Dated this 7th day of September, 2012        ARMSTRONG TEASDALE LLP

By: /s/Louis M. Bubala III
LOUIS M. BUBALA III, ESQ.

Attorneys for City of Tulsa