

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
November 14, 2012

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SHAMROCK ASSET HOLDINGS, LLC,<br><br>    Debtor. | Case No.: BK-N-12-52008-BTB<br><br>Chapter: 11<br><br>**ORDER GRANTING MOTION OF CITY OF TULSA FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: 11/07/12<br>Hearing Time: 10:00 a.m. |

    The City of Tulsa, Oklahoma ("City") moved for relief from the bankruptcy automatic stay to exercise its rights under state law as to the real property in Debtor's possession (Ct. Dkt. #15, 17-20). The matter was noticed for hearing on October 10, 2012, and rescheduled prior to that hearing at the Court's direction to October 23, 2012 (Ct. Dkt. #27). No responses or replies were filed with the Court or served on the City.

    The motion was called as scheduled, the Hon. Bruce T. Beesley presiding. Appearances were made by Louis M. Bubala III, Esq., of Armstrong Teasdale LLP, on behalf of the City, and William Cossitt, Esq., counsel for the Office of the U.S. Trustee. The Court advised that it received that morning a paper motion for continuance from Debtor filed by its manager, Carl Morony, and executed by counsel for the manager on the ground that Debtor had been travelling and had been unable to retain counsel (Ct. Dkt. #29).

    The Court, having considered the argument of counsel presented at the hearing, continued the hearing on the motion for stay relief to 10:00 a.m., November 7, 2012. The Court also ordered that on or before the continued hearing, Debtor shall: (1) hire an attorney licensed to practice in Nevada; (2) have the Nevada-licensed attorney attend in person the hearings on November 7, 2012; (3) file

updated schedules and statements; (4) provide the Office of the U.S. Trustee with the papers required for the initial debtor interview; (5) schedule the initial debtor interview with the Office of the U.S. Trustee; (6) schedule the 11 U.S.C. Section 341 meeting of creditors with the Office of the U.S. Trustee; and (7) file all monthly operating reports that were due before November 7, 2012. The City filed and served a notice of continued hearing that included the terms of the Court's order (Ct. Dkt. #31).

The motion was called as scheduled for the continued hearing, the Hon. Bruce T. Beesley presiding. Appearances were made by Mr. Bubala, Mr. Cossitt, and Mr. Morony. The Court, having reviewed the papers filed with the Court and considered the argument of counsel and noting that Debtor did not comply with any of the requirements stated in the notice of continued hearing, pursuant to Federal Rule of Civil Procedure 52 made applicable by Federal Rule of Bankruptcy Procedure 7052, and good cause appearing, **GRANTED** the motion. For the reasons stated in briefing and argument under 11 U.S.C. §§ 362(d)(1), 362(d)(2) and 362(d)(4)(A), the bankruptcy automatic stay of 11 U.S.C. § 362 is terminated and the City may enforce its rights against the real property known as S75 LT 3, BLK 137 TULSA-ORIGINAL TOWN in Tulsa County, Oklahoma, commonly known as 115 East Fifth Street in Tulsa, Oklahoma, and commonly referred to as the Tulsa Club Building.

If this order is "recorded in compliance with applicable State laws governing notices of interests or liens in real property, [it] shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording." 11 U.S.C. § 362(d)(4).

The stay of this order is waived under Federal Rule of Bankruptcy Procedure 4001(a)(3).

**IT IS SO ORDERED**

###

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

__ The court has waived the requirement set forth in LR 9021(b)(1).

__ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| Party | Delivery | Reason |
| --- | --- | --- |
| William B. Cossitt, U.S. Trustee | None | Waived by Mr. Cossitt at hearing |
| Carl Morony, Debtor | None | Waived by Court at hearing because corporate debtor cannot appear without counsel |

__ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted By

ARMSTRONG TEASDALE LLP

/s/ Louis M. Bubala III
LOUIS M. BUBALA III, ESQ.
Nevada Bar #8974
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775-322-7400
Facsimile: 775-322-9049
Email: lbubala@armstrongteasdale.com

Attorneys for City of Tulsa, Oklahoma