LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: lbubala@armstrongteasdale.com

Attorneys for City of Tulsa, Oklahoma

ELECTRONICALLY FILED ON
March 13, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>SHAMROCK ASSET HOLDINGS, LLC,<br><br>    Debtor. | Case No.: BK-N-12-52008-BTB<br><br>Chapter: 11<br><br>**OPPOSITION FOR MOTION TO RECONSIDER ORDER[S] GRANTING RELIEF FROM STAY AND DISMISSING CASE, WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date: 3/27/13<br>Hearing Time: 10:00 a.m. |

     The City of Tulsa opposes Debtor's motion for reconsideration. The motion misstates the rulings in this case, is not supported by evidence, and does not satisfy any of the legal standards for reconsideration. *E.g., Spencer Group Holdings LLC v. FDIC*, Case No. 2:09-cv-1571-JCM-LRL, 2010 WL 2595277 (D. Nev. June 29, 2010) (Mahan, J.) (denying motion for reconsideration when party received prior notice and fails to present new evidence to support new allegations).

**I. Procedural History**

     The City of Tulsa is a lienholder against Debtor's real property, the Tulsa Club Building, based on recorded 2008 and 2011 judgments for unpaid civil penalties for noncompliance with the city's nuisance code and for unpaid property assessments entered against the building's owner at the time, Carl "C.J." Morony, the principal of Shamrock Asset Holdings, LLC. A sheriff's sale was scheduled for August 28, 2012. The sale was striken after Mr. Morony created Shamrock on August 24, 2012, deeded the property to it that day, and filed a bankruptcy petition for it on August 27, 2012.

The Office of the U.S. Trustee moved to dismiss the case on August 29, 2012 (Ct. Dkt. #8), and the City moved for stay relief on September 7, 2012 (Ct. Dkt. #s 15, 17-18). The City's hearing was initially scheduled for October 10, 2012, then rescheduled to October 23, 2012, due to an unexpected conflict with the Court's schedule.

On September 26, 2012, Mr. Morony filed a motion seeking additional time to obtain counsel to respond to the pending motions (Ct. Dkt. #23). The motion was never set for hearing. On October 23, 2012, half an hour before the hearing on the City's motion for stay relief, Mr. Morony's attorney in Oklahoma faxed to the court a motion to continue the hearing and extend the time to respond to the City's motion for stay relief (Ct. Dkt. #29). The Court partially granted the motion by continuing the hearing to November 7, 2012, to be held contemporaneously with the Office of the U.S. Trustee's motion to dismiss. The Court also specified a number of conditions for Debtor to satisfy to avoid dismissal of the case.

On November 7, 2012, the Court, having considered the motion, evidence and argument of the City, granted it relief from the automatic stay to pursue its rights against the Tulsa Club Building. The Court entered its order, granting the motion for cause under Section 362(d)(1), lack of equity and not necessary for reorganization under Section 362(d)(2), and transfer of property without consent of secured creditor in attempt to interfere with the creditor's rights under Section 362(d)(4) (Ct. Dkt. #34). The Court also granted the Office of the U.S. Trustee's motion to dismiss as the corporate debtor remained unrepresented by counsel and failure to satisfy the conditions specified at the hearing on October 23, 2012. The Court ordered that the dismissal order not be entered until after the completion of the sheriff's sale of the Tulsa Club Building.

The sheriff's sale was scheduled again for January 15, 2013. However, the sheriff again struck the sale after receiving notice of Mr. Morony's personal bankruptcy filed on January 14, 2013. *In re Morony*, Case No. BK-S-13-10310-BAM, since reassigned as BK-N-13-50230-BTB (Bankr. D. Nev.). This Court has granted relief from the automatic stay in the Morony case and also ordered dismissal of the individual case after completion of the sheriff's sale of the Tulsa Club Building.

On January 18, 2013, Shamrock filed a motion for reconsideration of the orders granting stay relief and dismissal of the case. The motion is based on the arguments: (1) Shamrock obtained

counsel in compliance with the Court's prior order, thus curing the basis for stay relief; (2) the Tulsa Club Building remains property of the estate by virtue of Mr. Morony's personal bankruptcy filing; (3) Shamrock intends to cure its deficiencies with operating reports; (4) Shamrock intends to challenge the merits and validity of the underlying claims of the City and other creditors since they were default judgments; (5) Shamrock believes the Tulsa Club Building is worth more than $1 million such that there is equity in the property, that the property is marketable, and that it is eligible for a significant amount of historic preservation credits (Ct. Dkt. #37).

## II. Legal Standard

Debtor moved for relief under Federal Rule of Civil Procedure 60 (Ct. Dkt. #37), which is incorporated in whole under Federal Rule of Bankruptcy Procedure 9024. Debtor has not alleged or satisfied any of the other factors under Rule 60(a) of clerical error or under Rule 60(b): (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered; (3) fraud, misrepresentation or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or is based on a judgment that has been reversed or vacated, or applying it prospectively is not equitable; or (6) other justified reason, which is generally held to be the rare circumstance in which justice requires it.

## III. Argument

Debtor's arguments do not satisfy any of the standards for reconsideration.

<u>Rule 60(a), Clerical error</u>

Debtor does not allege a clerical error.

<u>Rule 60(b)(1), Mistake, inadvertence, surprise or excusable neglect</u>

Debtor does not allege that the judgment was entered as a basis of Debtor's mistake, inadvertence, surprise or excusable neglect. Nor could it. The hearing on stay relief was rescheduled once due to issues with the Court's schedule. The hearing was then continued by the Court when Mr. Morony's personal attorney in Oklahoma faxed a request, half an hour before the hearing, for additional time for Debtor to obtain counsel and respond to the motion. Debtor was well aware of the issues and had ample opportunity to prepare and present a response to both the motion for stay relief and the motion to dismiss.

<u>Rule 60(b)(2), Newly discovered evidence that could not have been discovered</u>

Debtor does not allege there is newly discovered evidence. To the extent Debtor contests valuation of the Tulsa Club Building, Debtor does not offer any evidence to substantiate its position or why it could not present such evidence previously.

<u>Rule 60(b)(3), Fraud, misrepresentation or misconduct by opposing party</u>

Debtor does not allege that the City engaged in fraud, misrepresentation or misconduct in seeking stay relief or supporting dismissal of the case.

<u>Rule 60(b)(4), Judgment is void</u>

Debtor does not allege that the written order terminating the stay or the oral order dismissing the case is void. Debtor's motion claims that it intends to challenge the merits and validity of the underlying claims of the City and other creditors since they were default judgments. To the extent Debtor intends to do this, it should do so in Oklahoma state court. But it has not done so here other than express an intent to do so, and it has provided nothing to substantiate its efforts or bases for challenging the judgment in nearly two months since Debtor made this allegation. All that has been presented is a prospective, unsubstantiated hope of challenging the City's rights.

<u>Rule 60(b)(5), Judgment has been satisfied, released or discharged, etc.</u>

Debtor does not allege that its obligations to the City have been satisfied, released or discharged; that the order was based on a judgment that has been reversed or vacated; or that the application of the order prospectively is not equitable.

<u>Rule 60(b)(6), Other justified reasons in rare circumstances which justice requires it</u>

Debtor has not explained how any of his arguments fit this narrow category, and the City objects to any such classification. Debtor is simply incorrect that by obtaining Nevada counsel in January 2013, it cured the basis for the entry of the order for stay relief. Neither the motion for stay relief nor the order was premised on Debtor's failure to have counsel. A review of the docket reflects that the motion was granted for cause under Section 362(d)(1), lack of equity and not necessary for reorganization under Section 362(d)(2), and transfer of property without consent of secured creditor in attempt to interfere with the creditor's rights under Section 362(d)(4) (Ct. Dkt. #34). The employment of counsel does not cure the grounds for stay relief.

As to the oral order of dismissal, the representation by local counsel was one of many requirements imposed by the Court that Debtor failed to comply with by the hearing on November 7, 2012.  The notice of continued hearing on the stay relief specified those conditions: "(1) hire an attorney licensed to practice in Nevada; (2) have the Nevada-licensed attorney attend in person the hearings on November 7, 2012; (3) file updated schedules and statements; (4) provide the Office of the U.S. Trustee with the papers required for the initial debtor interview; (5) schedule the initial debtor interview with the Office of the U.S. Trustee; (6) schedule the 11 U.S.C. Section 341 meeting of creditors with the Office of the U.S. Trustee; and (7) file all monthly operating reports that were due before November 7, 2012" (Ct. Dkt. #31).  Debtor did not comply with any of these requirements by the time of the hearing on November 7, 2012.  Mr. Thomas did not appear as Debtor's counsel until January 15, 2013 (Ct. Dkt. #36).  Since then, Debtor has not filed updated schedules and statements or filed the necessary monthly operating reports.  Debtor's motion for reconsideration states that it intends to cure its deficiencies with operating reports, but, again, it has not done so.  Debtor's arguments for reconsideration are too little, too late.

Finally, Debtor claims that it believes the Tulsa Club Building is worth more than $1 million such that there is equity in the property, that the property is marketable, and that it is eligible for a significant amount of historic preservation credits.  The claims are not supported by any evidence.  The City disputes all of these points.  Debtor also had an opportunity to present this evidence at the initial hearings.  It did not then, and it is merely speculating in its motion for reconsideration.

For all of these reasons, the City requests the Court deny Debtor's motion for reconsideration.

Dated this 13th day of March, 2013       ARMSTRONG TEASDALE LLP

By: /s/Louis M. Bubala III

LOUIS M. BUBALA III, ESQ.

Counsel for the City of Tulsa

5

**CERTIFICATE OF SERVICE**

1. On March 13, 2013, I served the following document(s):

**OPPOSITION FOR MOTION TO RECONSIDER ORDER[S] GRANTING RELIEF FROM STAY AND DISMISSING CASE, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

TIMOTHY P. THOMAS on behalf of Debtor SHAMROCK ASSET HOLDINGS, LLC
TTHOMAS@TTHOMASLAW.COM, veralynn@tthomaslaw.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of March, 2013.

| L. Bubala | /s/ L. Bubala . |
|---|---|
| Name | Signature |